IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LOCHLAINN OHAIMHIRGIN,        :
            Petitioner,        :        1:18-cv-1934
                              :
       v.                     :        Hon. John E. Jones III
                              :
WARDEN CRAIG A. LOWE,         :
            Respondent.        :

## MEMORANDUM

## December 19, 2018

Petitioner Lochlainn Ohaimhirgin ("Ohaimhirgin"), a detainee of the United States

Department of Homeland Security, Immigration and Customs Enforcement ("ICE"),

presently confined at the Pike County Correctional Facility, Lords Valley, Pennsylvania,

filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1),

challenging the constitutionality of his continued detention pending removal from the

United States.

The petition is ripe for disposition. For the reasons set forth below, the Court will

deny the petition without prejudice.

## I.    Background of Immigration Proceedings

Ohaimhirgin, a native and citizen of Ireland, was admitted to the United States at

Buffalo, New York on or about April 7, 1996, as a nonimmigrant, Class F-1. (Doc. 7-1,

p. 5). On December 1, 1999, his status was adjusted to that of a conditional Lawful

Permanent Resident. (*Id.*) The residency conditions were removed on May 25, 2002.

(*Id.*)

On May 11, 2017, he was convicted in the United States District Court for the Northern District of Ohio of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349. (*Id.*) He was sentenced to a term of imprisonment of nine months. (*Id.*) On February 18, 2018, ICE served him with a Notice to Appear charging that he was subject to removal pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended ("INA"), because he was convicted of an aggravated felony as defined in section 101(a)(43)(M) of the Act, a law relating to an offense that (i) involves fraud or deceit in which the loss to the victim exceeds $10,000; or (ii) is described in The Internal Revenue Code of 1986, Section 7201 (relating to tax evasion) in which the revenue loss to the government exceeds $10,000. (*Id.*) He was also charged with being subject to removal pursuant to 237(a)(2)(A)(iii) of the INA, in that after admission he was convicted of an aggravated felony as defined in section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act. (*Id.*) He was taken into ICE custody on March 20, 2018.

At his first appearance before the Immigration Judge ("IJ"), Ohaimhirgin requested a continuance to obtain counsel. (*Id.* at p. 12, ¶ 5). At his next appearing on April 23, 2018, he requested a continuance to enable counsel to obtain copies of evidence and to prepare for the removal hearing. (*Id.* at 21). The hearing was rescheduled for May 21, 2018. (*Id.*) On or about May 17, 2018, Attorney Tracey Hubbard filed a motion to substitute counsel. (*Id.* at 22). Counsel appeared on May 21, 2018, and requested another continuance. (*Id.* at 26). Proceedings were rescheduled for June 25, 2018. (*Id.*) Counsel

sought yet another continuance, which the IJ denied.  (*Id.* at pp. 27-31).  On June 25, 2018, the IJ sustained the charges of removability.  (*Id.* at p. 12, ¶ 11).

Thereafter, Ohaimhirgin indicated that he wished to seek relief in the form of adjustment of status pursuant to the Third Circuit's decision in *Hanif v. Attorney General*, 694 F.3d 479 (3d Cir. 2012) (holding that § 212(h) precludes a waiver only for those persons who, at the time they lawfully entered into the United States, had attained the status of lawful permanent residents).  (*Id.*)  Because he was not yet the beneficiary of an approved form I-130 Petition for Alien Relative from United States Citizenship and Immigration Services (USCIS), he requested a continuance to permit his wife, a United States citizen, to file the required I-130 application.  (*Id.*).  The case was initially rescheduled to July 30, 2018, but because there was no Immigration Court available on that date, the matter was rescheduled to August 20, 2018.  (*Id.* at ¶ 12).  At his August 20, 2018 appearance he requested another continuance to seek approval of the form I-130 by USCIS.  (*Id.* ¶ 13.)  The case was rescheduled for October 1, 2018. (*Id.* at p. 33). In the interim, USCIS approved the I-130 application on September 5, 2018. (*Id.* at 34).  He requested a merits date to adjudicate his I-130 application. (*Id.* at p. 13, ¶ 15).  The matter is scheduled for a final hearing on January 15, 2019.

## II.    <u>Discussion</u>

Ohaimhirgin challenges the length of his detention.  He is presently detained pursuant to 8 U.S.C. § 1226 which requires the Attorney General to detain any noncitizen who is inadmissible or deportable on criminal grounds. 8 U.S.C. § 1226.  The custody provision relevant here provides that "[t]he Attorney General shall take into custody any alien who-- (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]" 8 U.S.C. § 1226(c)(1)(B).  The provision governing release states:  "The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled hearing."  8 U.S.C. § 1226(c)(2).

In the recent United States Supreme Court case of *Jennings v. Rodriguez*, —— U.S. ——, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court reversed the Ninth Circuit's holding that non-citizens detained under §§ 1225(b)(1), (b)(2), and 1226(c) are entitled to bond hearings every six months. *Jennings*, 138 S.Ct. at 842.  *Jennings* held that the language of section 1226(c) authorizes unlimited detention pending removal

proceedings of an alien who is deportable on the basis of criminal involvement, and that no implicit restraint on the length of detention can be read into the statute. *Jennings*, 138 S.Ct. at 847. Specifically, "§ 1226(c) is not 'silent' as to the length of detention. It mandates detention 'pending a decision on whether the alien is to be removed from the United States' ... and it expressly prohibits release from that detention except for narrow, witness-protection purposes.... Indeed, we have held as much in connection with § 1226(c) itself. In *Demore v. Kim*, 538 U.S., at 529, 123 S.Ct. 1708, we distinguished § 1226(c) from the statutory provision in *Zadvydas* by pointing out that detention under § 1226(c) has 'a definite termination point': the conclusion of removal proceedings. As we made clear there, that 'definite termination point'—and not some arbitrary time limit devised by courts—marks the end of the Government's detention authority under § 1226(c)." *Jennings*, 138 S.Ct. at 846. Consequently, Petitioner is not entitled to a bond hearing pending the completion of removal proceedings.

However, "*Jennings* did not call into question [the] constitutional holding in *Diop* [*v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018). It remains the case that the "constitutionality of [§ 1226(c) detention] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 474–75 (3d Cir.

2015); *see also Diop*, 656 F.3d at 232, 234. The prolonged mandatory detention of an alien will therefore amount to an unconstitutional application of § 1226(c) only where the alien's prolonged detention has become "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018); see also *Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474.

Based on this constitutional framework, following *Jennings*, district courts in this circuit have largely found that detention for just over a year pursuant to § 1226(c) is insufficient to amount to an arbitrary deprivation of liberty and will thus not suffice to prove that the statute has been unconstitutionally applied. *Dryden*, 321 F. Supp. 3d at 502–03 (detention for just over a year not unconstitutional); *Fernandez v. Lowe*, No. 3:17-CV-2301, 2018 WL 3584697, at *4 (M.D. Pa. July 26, 2018) (detention for fifteen months not unconstitutional given regular progression of proceedings); *Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018) (detention for just over thirteen months not unconstitutional). Significantly longer periods of detention, however, have been found to be so prolonged as to be an arbitrary, and thus unconstitutional, application of § 1226(c) absent a bond hearing. *See, e.g., K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing); *Vega v. Doll*, No. CV 3:17-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (finding detention for twenty-one months has become so prolonged that it has become arbitrary

and unreasonable in this particular case such that petitioner is entitled to an individualized bond hearing); *Destine v. Doll*, No. 3:17-CV-1340, 2018 WL 3584695, at *5 (M.D. Pa. July 26, 2018) (same).

In this case, Ohaimhirgin has been subject to mandatory detention for approximately nine months. Significantly, the delays in resolution of the matter are largely attributable to the continuances sought by Ohaimhirgin's counsel. Despite the delays, the matter has proceeded with regularity through the immigration courts and is presently scheduled for a merits hearing before the IJ in less than a month. Based on the above, the Court concludes that Ohaimhirgin's detention pursuant to § 1226(c) has not yet become so prolonged that it amounts to an arbitrary application of the statute. *See Dryden*, 321 F. Supp. 3d at 502–03. Detention thus remains constitutionally permissible. The habeas petition will be denied without prejudice.

## III.    <u>Conclusion</u>

For the above stated reasons, the petition pursuant to 28 U.S.C. § 2241 petition will be denied without prejudice to Ohaimhirgin filing another petition if his detention becomes arbitrary or unreasonable.

An appropriate Order will enter.